## Case No. 3,885.

### In re DIBBLEE et al.

[3 Ben. 354;[1] 3 N. B. R. 72 (Quarto, 17).]

District Court, S. D. New York. Aug. 6, 1869.

BANKRUPTCY—COMPOUNDING DOUBTFUL DEBTS.

The bankruptcy act [of 1867 (14 Stat. 517)] does not authorize the court to empower an assignee in bankruptcy to compound all doubtful debts, with the consent and approbation of a committee of creditors.

[In bankruptcy. In the matter of H. E. Dibblee and others. See Case No. 3,884.]

[By I. T. Williams, Register:] I, the undersigned, one of the registers in bankruptcy, do hereby certify to this honorable court that at the first meeting of creditors in the above entitled case, it was represented by Mr. Charles H. Smith, of counsel for a large number of the creditors, that there were very many small debts due the bankrupts, which were of doubtful collectibility, and that the interest of the creditors would in all probability require that many of them should be compounded and compromised. That as the trouble, delay, and expense, applying to the court to obtain leave so to compound or compromise, would be considerable, he moved the following resolution: "That this court be requested to make an order that the assignee in this case be authorized and empowered to compromise any and all doubtful debts due to said bankrupts, by and with the consent and approbation of Effingham Townsend, William Lattimer, and Reese M. Obesteuffer, as a committee of creditors." This resolution was voted for by all the creditors present save two. Whereupon, I do hereby certify the same to this honorable court for its action in the premises. I also submit an affidavit made by the assignee. Under the requirements of the 19th rule of this honorable court, I respectfully submit, that as no provision is made in the act for such an order as is hereby asked for, I beg to call the attention of the court to the provisions of section 43, which contemplates a practice similar to the one here sought to be inaugurated. No proceedings have yet been had under this section before now; parties have been embarrassed by the omission in the form No. 63 of the words "or as the assignee in bankruptcy would have done had not this resolution been passed," which are contained in the section, although it is clearly an inadvertence; and as the words of the act must govern, the omission does not seem as of much importance. Still, some have feared that proceedings thereunder might be questioned. Objections of this character have, I think, deterred parties from availing themselves of the provision of this section, and thus appointing a trustee who (acting under a committee of creditors) might compromise and compound debts due to the bankrupt,

without the expense and trouble of a special application to the court.

BLATCHFORD, District Judge. I do not think that the order asked for is warranted by the provisions of section 43, or of any other section of the act, or of general order No. 17.

[NOTE. For further proceedings in this case, see Cases Nos. 3,886 and 3,887.]

## Case No. 3,886.

### In re DIBBLEE et al.

[4 Ben. 137;[1] 3 N. B. R. 754 (Quarto, 185).]

District Court, S. D. New York. May 4, 1870.

BANKRUPTCY—COUNSEL FEES OF PETITIONING CREDITOR.

A claim by petitioning creditors in involuntary bankruptcy, for counsel fees incurred by them, in the proceedings before adjudication, cannot be entertained by the register in the first instance, but must be presented to the court, on petition.

[In bankruptcy. In the matter of Henry E. Dibblee, John J. Krauss, and David P. Bingley. See Cases Nos. 3,884 and 3,885.

[By I. T. Williams, Register:] I, the undersigned, one of the registers in bankruptcy, do hereby certify to this honorable court, that James R. Clark, Jr., through his counsel, Charles H. Smith, Esq., presents a claim of his firm of Garrett, Clark & Co., against the estate of the bankrupts, for sums of money paid or incurred by them for services of counsel in proceedings had by them as petitioning creditors of the said bankrupts before the adjudication; and asks me to specify such sum as upon the final auditing and passing of his accounts, as assignee, may be allowed therefor, and make an order of distribution for the payment of the same—according to the custom and practice in cases of distribution by him in the ordinary discharge of his duties as assignee. He cites a decision of the circuit court in the Case of the New York Mail Steamship Company—a manuscript copy of which, furnished me by Mr. Smith, I annex hereto. [Case No. 12,208.] It appears from the decision, that the claim is one that the law recognizes, and which is an equitable lien upon the estate or funds in the hands of the assignee—and if so, it would seem right that the assignee should pay it, or such sum as may be just and reasonable, from such funds. The question, however, that presents itself is, whether this claim is not one strictly within the equity jurisdiction of this court, to be passed upon in each case by the court, and then sent down to the register to ascertain what would be a reasonable sum, and order distribution accordingly. I think this court has favored a practice in harmony with the suggestion, and that the practice of filing a pe-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]